IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| RAVEN REGULUS, Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 22-cv-5294 |
| | ) | Honorable Judge Durkin |
| THE THRESHOLDS, Defendant | ) | Magistrate Judge Susan E. Cox |

-------------------------------------------------------------------------------------------------------

| | | |
|---|---|---|
| RAVEN REGULUS, Plaintiff, | ) | |
| | ) | Case No. 22-cv-22-cv-5302 |
| vs. | ) | Honorable Judge Feinerman |
| | ) | Magistrate Judge Kim |
| THE THRESHOLDS, Defendant | ) | |

**COMBINED MOTION TO DISMISS BOTH CASE NO. 22-cv-5294 AND CASE NO. 22-cv-22-cv-5302, UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) AND SUPPORTING MEMORANDUM OF LAW IN SUPPORT OF MOTIONS**

Defendant The Thresholds, by its undersigned counsel, pursuant Federal Rule of Civil Procedure Rule 12(b)(6), moves to dismiss for failure to state a claim, Plaintiff's identical Complaints filed in Case Nos. 22-cv-5242 and 22-cv-5302. The Complaints fail to meet the applicable pleading standards and are untimely under the filing requirements of VII of the Civil Rights Act of 1964 as Amended ("Title VII"), the Americans with Disabilities Act of 1990 ("ADA"), the Illinois Human Rights Act ("IHRA") and its applicable filing and notice requirements, and the applicable Illinois Department of Human Rights ("IDHR") Administrative Rules. In support of The Thresholds motions, it states as follows:

**I.    The Complaints fail to show any set of facts demonstrating Plaintiff exhausted her administrative remedies by: (A) Filing a timely charge before the Equal Employment Opportunity Commission ("EEOC") or IDHR within 300 days of allege discrimination under Title VII, the ADA or IHRA; (B) filing the Complaints within 90 days of receipt of the EEOC's dismissal of the charges and notice of right to sue; (C) properly notifying the IDHR of the EEOC's dismissal of her charge within 30 days.**

A.    *Standard for dismissal under Federal Rule 12(b)(6) for Failure to State a Claim.*

(1)    Description of Documents that may be considered by the Courts in Ruling on these Motions to Dismiss for Failure to State a Claim under Federal Rule 12(b)(6).

1

In *Flowers v. City of Chicago*, No. 18 C 7003, 2019 WL 1932587, at *3 (N.D. Ill. May 1, 2019) (Durkin, J.), this court notes "A defendant may raise the statute of limitations in a motion to dismiss if "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." In *Fed. Deposit Ins., Corp. v. Fbop Corp.*, 52 F. Supp. 3d 664 (N.D. Ill. 2017), this court also notes that in a motion to dismiss for failure to state a claim "[t]he court must take all well-pleaded allegations in the plaintiff's pleadings to be true and view the facts and inferences to be drawn from those allegations in the light most favorable to the plaintiff. And, in doing so the court must consider only the content of the competing pleadings, exhibits thereto, matters incorporated by reference in the pleadings, and any facts of which a district court can take judicial notice. *See* Wright & Miller, FEDERAL PRACTICE supra, § 1367."

> Rule 201. Judicial Notice of Adjudicative Facts, states:
>
> (a) Scope. This rule governs judicial notice of an adjudicative fact only, not a legislative fact.
> (b) Kinds of Facts That May Be Judicially Noticed. The court may judicially notice a fact that is not subject to reasonable dispute because it:
> (1) is generally known within the trial court's territorial jurisdiction; or
> (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.
> (c) Taking Notice. The court:
> (1) may take judicial notice on its own; or
> (2) must take judicial notice if a party requests it and the court is supplied with the necessary information.
> (d) Timing. The court may take judicial notice at any stage of the proceeding.

In *Facebook, Inc. v, Teachbook.com LLC*, 819 F. Supp. 2d 764 (N.D. Ill. 2011), the court explains judicial notice under this standard as follows:

> "As indicated, a court may consider facts subject to judicial notice in the context of a motion to dismiss under Rule 12(b)(6). *Tellabs*, 551 U.S. at 322, 127 S. Ct. at 2509; *Doherty v. City of Chicago*, 75 F.3d 318, 325 n. 4 (7th Cir.1996). *For a fact to be subject to judicial notice, Federal Rule of Evidence 201 provides that the "fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."*.....The reason for

2

allowing courts to consider such records is "to avoid unnecessary proceedings when an undisputed fact in the public record establishes that the plaintiff cannot satisfy the 12(b)(6) standard." Id. at 1081. (Emphasis added.)

**(2)**     **Consideration of Documents from the Courts and EEOC and IDHR May be Considered by the Courts in Ruling on these <u>Motions to Dismiss for Failure to State a Claim under Federal Rule 12(b)(6).</u>**

Plaintiff's Complaints are bare bones and the attachments to the two Complaints themselves raise irreconcilable uncertainties as to Plaintiff's exhaustion of the time requirements of Title VII, the ADA and IHRA. Most importantly, Plaintiff attaches to her Complaints an EEOC Charge No. 440-2018-06364 signed by Plaintiff on October 18, 2018, but Plaintiff neither describes in her Complaints nor attaches any EEOC action on that earlier filed charge. Plaintiff also attaches to her Complaints the 1st page of IDHR Charge No. 2019CF3205, but neither alleges in her Complaints nor attaches to her Complaints any IDHR action on that Charge. She also attaches to her Complaints a Determination of Charge and Notice of Right to Sue by the EEOC of an entirely different EEOC charge No. 21B-2020-0186, which "adopted the findings of the state or local fair employment practices agency that investigated your charge." Yet, there is neither discussion nor any attachment of that EEOC Charge.

To address the material holes in the Complaints relative to the charges referenced and in keeping with the matters that may be permissibly considered by the Courts on these motions, Defendant has attached documents sent to Defendant from the EEOC and IDHR relative to Plaintiff's multiple charges as exhibits to the Certification of Michael Faley, Defendant's General Counsel (the "Certification"). A copy of that Certification is Exhibit 1 to this Motion. The documents attached to the Certification, most of which have been ignored by Plaintiff, are public Court records and EEOC and IDHR records and documents relevant and material to Plaintiff's Complaints. The documents attached to the Certification, most of which have been

ignored by Plaintiff, are public Court, EEOC and IDHR records and documents relevant and material to Plaintiff's Complaints.

These documents' existence and impact on the viability of the Complaints is "beyond reasonable dispute." These true and correct copies of the necessary documents from the EEOC and IDHR proceedings sent to Plaintiff and/or Defendant by those agencies are "beyond reasonable dispute" and are judicially noticeable facts by this court. But Plaintiff failed to address in her Complaints many of those sent to Plaintiff by the EEOC and IDHR, and those Plaintiff sent to the EEOC and IDHR.

**B.      Bases for Motion to Dismiss under Rule 12(b)(6).**

**(1)     Plaintiff failed to meet the Title VII and ADA filing requirements.**

   **a.      90 Days Requirement.** A lawsuit under Title VII and the ADA must be filed within 90 days of the charging party receiving notice of dismissal and right to sue issued by the EEOC. See *Taylor v. Northwestern Memorial Hospital*, 521 F.Supp.3d 714 (2021):

> Title VII generally requires plaintiffs complaining of employment discrimination to file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") before they file suit. See 42 U.S.C. § 2000e-5(e)(1), (f)(1). "This rule serves the dual purpose of affording the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion," and giving the employer notice of the charges against it. *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). The EEOC then gives the plaintiff notice of her right to sue, at which point the plaintiff has 90 days to file her lawsuit. 42 U.S.C. § 2000e-5(f)(1); *see also Bobbitt v. Freeman Cos.*, 268 F.3d 535, 538 (7th Cir. 2001).

Plaintiff filed a charge of discrimination (Charge No. 440-2018-06364) with the EEOC claiming violations of Title VII and the ADA. (*See* attachments to both Complaints and Exhibit A-7 to the Certification.) Plaintiff did not attach the EEOC's action taken on that charge but attached as Exhibit A-1 to the Certification is a true and correct copy of the EEOC's Dismissal

4

and Notice of Rights for EEOC charge No. 440-2018-06364. The EEOC sent that Notice of Dismissal and Right to Sue in EEOC Charge No. 440-2018-06364 to Plaintiff on October 16, 2018. The Dockets for both Cases (EXHIBITS B-3 and B-4 to the Certification) show the cases were received by the N.D. Ill. Clerk of Court on September 28, 2022, almost four years after the EEOC issued its dismissal and notice of right to sue issued to Plaintiff on EEOC Charge No. 440-2018-06364. The Court holds in *Taylor*, *supra* at 716-717, a plaintiff cannot file a second charge to get around her failure to have filed a timely lawsuit within 90 days of receipt of the EEOC's dismissal and notice of right to sue issued to a plaintiff in a first filed EEOC charge:

> As a preliminary matter, I must consider which notice is operative for purposes of the 90-day limitations period. Defendants contend that Ms. Taylor was required to file her suit within 90 days of receipt of the original 2017 notice, and she cannot rely on the subsequent 2018 charge to meet the procedural prerequisites of her claim. I agree. "[I]f [a] claimant fails to file suit within the ninety-day window, the lapsed claims are not revived by including them in a second EEOC charge and restarting the process." *King v. Ford Motor Co.*, 872 F.3d 833, 839 (7th Cir. 2017). "To allow a plaintiff to re-allege an earlier EEOC charge in a subsequent EEOC charge would render the 90-day time limit for filing lawsuits `meaningless,' because it would allow the plaintiff to `evade [the filing requirement] simply by seeking additional Notices of Right to Sue whenever [she] pleased.'" *Vitello v. Liturgy Training Publ'ns*, 932 F. Supp. 1093, 1098 (N.D. Ill. 1996) (citation omitted). Accordingly, where a second-filed charge is "a mere re-allegation of the first EEOC charge, i.e., . . . reasonably related or similar enough to be within the scope of the first charge," the 90-day deadline established based on the first charge remains applicable. *Blalock v. Bethesda Lutheran Homes & Servs., Inc.*, No. 01 C 9188, 2002 WL 31833693, at *3 (N.D. Ill. Dec. 16, 2002); *see also, e.g., Giovanni v. Megabus USA, LLC,* No. 14 C 3195, 2015 WL 6449133, at *3-4 (N.D. Ill. Oct. 23, 2015) (second EEOC charge did not resuscitate lapsed claim where it did not allege "separate and distinct events" from those alleged in first charge).
>
> That is the case here. Both of the charges filed by Ms. Taylor allege the same events: that Ms. Taylor was discriminated against and ultimately discharged from NMH because of her race. Both charges list the sole date of discrimination as the date of her discharge: June 19, 2017. Indeed, Ms. Taylor admits that she only filed the second charge because she thought the first charge had not been recorded in the EEOC system. ECF No. 53-1 ¶¶ 24-25. Her aim, in other words, was not to complain of different or intervening conduct on the part of Defendants, but to preserve the claim she already had. Because Ms. Taylor's second charge was a mere re-allegation of her first, the first charge controls for purposes of the 90-day filing deadline.

Plaintiff's first charge filed with the EEOC was filed October 11, 2018. Plaintiff admits in that charge that she was discharged, and the charge shows that the last possible discrimination alleged in that charge ended on that day, June 26, 2018. Plaintiff **did not** check the box signifying "CONTINUING ACTION." Both Plaintiff's Complaints were received on the same day by the Clerk of Court, September 28, 2022 (See Exhibits B-3 and B-4 to Certification). That is just under four years after the EEOC, on October 16, 2018, mailed to Defendant and Plaintiff the EEOC's Dismissal of Charge No. 440-2018-06364 and Notice of right to sue.

Plaintiff's Charge No. 440-2018-06364, dated October 16, 2018, was filed within 300 days of her last possible claim of discrimination/retaliation/harassment, but Plaintiff failed to file her Complaints within 90 days of the EEOC's Dismissal of Charge No. 440-2018-06364 and Notice of right to sue. Her Complaints are untimely and should be dismissed for failing to follow Title VII and the ADA 90 days timeliness requirement. Here, like in *Taylor*, rather than file suit within the required 90 days period Plaintiff ignored the EEOC's dismissal and notice of her right to sue for Charge No. 440-2018-06364. Instead, she filed a new charge (Charge No. 2019CF3205) with the IDHR (perfected on July 9. 2020). Part of charge No. 2019CF3205 is attached to the Complaint. That charge was earlier filed with the IDHR on or about June 17, 2020, as an unperfected charge. *See* Certification Exhibit A-2. Plaintiff filed her perfected charge on July 9, 2020. See Certification Exhibit A-2. Under the IDHR and EEOC work sharing Agreement that charge was cross-filed with the EEOC (EEOC Charge No. 21BA01086).

The Notice of Dismissal issued by the IDHR for Lack of Substantial Evidence in Charge No. 2019CF3205 is not referenced or attached to the Complaints. Defendant has attached a copy of it as Exhibit A-4 to the Certification. Plaintiff served a summons and copy of the Complaint in Case No. 22-cv-05294 on The Thresholds on October 13, 2022. See Exhibit A-5 attached to

6

the Certification. No summons in Case No. 22-cv-5302 has been served on The Thresholds. See Certification ¶14. See docket in Case No. 22-cv-5302 (EXHIBIT B-4). The EEOC's actions on EEOC Charge No. 440-2018-06364, issuing a dismissal and right to sue notice, required the Plaintiff to file suit in the U.S. District Court within 90 days. After the dismissal and notice was received by Plaintiff. Ninety days after Plaintiff's receipt of the EEOC's dismissal and notice of right to sue in EEOC Charge No. 440-2018-06364, her claims under Title VII and the ADA against the Thresholds were untimely and subject to a motion to dismiss by The Thresholds.

      **b.**      **300 Days Requirement.** Plaintiff's later IDHR and EEOC charges were not filed within 300 days of the last discriminatory act alleged in the charges. Therefore, Plaintiff's later charge filed with the IDHR (Charge No. 2019CF3205) is untimely, as it was filed as an unperfected charge with the IDHR on June 17, 2020, and as a perfected charge with the IDHR on July 13, 2020, almost two years after her discharge and the last possible discrimination by The Thresholds. The same is true of her later, cross-filed EEOC charge. Plaintiff's later charges were not filed within 300 days of the last claimed discriminatory actions by The Thresholds, and they are untimely under Title VII's and the ADA's time filing requirements. *See Stepney v. Naperville School Dist.*, 392 F. 3d 236 (7th Circuit 2004), holding:

> Under Title VII, a plaintiff in Illinois must file an employment discrimination charge with the EEOC within 300 days "after the alleged unlawful employment practice occurred." § 2000e-5(e)(1); *see also Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 104-05, 122 S. Ct. 2061, 153 L.Ed.2d 106 (2002); *Speer v. Rand McNally & Co.,* 123 F.3d 658, 662 (7th Cir.1997). The ADA prohibits a "covered entity" from discriminating against a qualified individual with a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Because the ADA's enforcement provision expressly incorporates § 2000e-5 of Title VII, claims for discrimination under the ADA also must be filed within 300 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1), incorporated by 42 U.S.C. § 12117(a).

To bring a timely Title VII or ADA claim, a plaintiff in Illinois must file a charge of discrimination with the EEOC or equivalent state agency within 300 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 12117(a) (incorporating 42 U.S.C. § 2000e-5); *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 637 (7th Cir. 2004). The 300-day limit "begins to run when the defendant has taken the action that injures the plaintiff and when the plaintiff knows she has been injured." *Sharp v. United Airlines, Inc.*, 236 F.3d 368, 372 (7th Cir. 2001). Failure to file a charge within the 300-day period generally dooms the claim as untimely. *Flowers v. City of Chicago*, No. 18 C 7003, 2019 WL 1932587, at *3 (N.D. Ill. May 1, 2019) (Durkin, J.) (citing *Bass v. Joliet Public Sch. Dist. No. 86*, 746 F.3d 835, 839 (7th Cir. 2004)).

This Plaintiff failed to timely file her charge No. 2019CF3205 with the IDHR or the cross-filed Charge no. 21B-2020-01086 with the EEOC within 300 days of her last possible date of alleged discrimination, harassment, and retaliation. The case law demonstrates that Plaintiff's filing of a new charge (2019CF3205) on July 1, 2020, with the IDHR that was then cross filed with the EEOC under the IDHR/EEOC work sharing agreement as EEOC charge number 21B-2020-01086, does not extend the 300 days filing period. The IDHR served its Notice of Dismissal for lack of Substantial Evidence on IDHR Charge No. 2019CF3205 on Plaintiff on May 21, 2021. See EXHIBIT A-1 to the Certification. Since Plaintiff failed to file a request for review by August 24, 2021, or file a state court action within ninety days, the IDHR dismissal was final under the IHRA. The EEOC adopted the IDHR findings on July 5, 2022. See attachments to Complaints and see EXHIBIT A-6 to the Certification. The Complaints were both received by the Clerk of Court on September 28, 2022, and although that is within 90 days of the dismissal for lack of substantial evidence by the EEOC of its Charge No. 21B-2020-01086, that

8

dismissal relates solely to the untimely IDHR and EEOC charges that were not filed within 300 days of the last alleged discriminatory and retaliatory actions alleged by Plaintiff. Charge No. 2019CF3205 filed with the IDHR and automatically cross-filed with the EEOC as Charge no. 21B-2020-01086, were not filed within 300 days of the last possible date of her claimed discrimination, retaliation, and harassment, and therefore those charges were untimely. Plaintiff filed her new charge No. 2019CF3205 with the IDHR, cross-filed with the EEOC as Charge no. 21B-2020-01086, more than 300 days after the last possible date of alleged discrimination, retaliation, and harassment by Defendant. In fact, over a year too late and they are untimely.

**(2)     Plaintiff failed to meet the 30 Days IDHR Notice Requirement.** Plaintiff also failed to allege she complied with the requirement under the IDHR that she notify the IDHR within 30 days of the EEOC's dismissal of her charge filed with the EEOC. *See* Title 56, Chapter II, Part 2520, Section 2520.490(a)(3): "a) The following will apply to all charges filed after August 26, 2011, with the Equal Employment Opportunity Commission (EEOC) and dual filed with the Department pursuant to Section 7A-102(a-1-3) of the Act:

> 1) The charge will be initially investigated by the EEOC pursuant to the EEOC's rules and procedures.
>
> 2) The Department will not take any action on the charge until the EEOC issues its final determination.
>
> 3) Within 30 days after receiving the final determination from the EEOC, the complainant must submit a copy of the EEOC's determination to the Department in order to preserve the complainant's rights under the Act.

Also, under Section 7A-102(c-4), "4) The complainant must submit a copy of the EEOC's final determination within 30 days after service of the final determination by the EEOC on the complainant in order to preserve the complainant's rights under the Act."

**(3)     Conclusion.**     The Complaints should be dismissed.

9

**II.     Plaintiff Failed to State Facts that meet the minimal factual pleading requirements for Complaints alleging causes of action under TITLE VII, the ADA or the IHRA to Avoid Dismissal under Federal Rule 12(b)(6).**

Rule 8 of the Federal Rules of Civil Procedure, entitled "General Rules of Pleading," outlines what a federal complaint must contain to state a claim for relief.  To survive a motion to dismiss, the pleading must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The Supreme Court has explained that a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955.

Plaintiff's Complaints (identical as they are) fail to meet necessary pleading requirements to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim.  The Seventh Circuit recently explains a *pro se* Plaintiff's pleading burden to survive a motion to dismiss for failure to state a claim in *Kaminski v. Elite Staffing*, 23 F.4th 774 (7th Cir. 2022), stating:

> Rule 8 of the Federal Rules of Civil Procedure, entitled "General Rules of Pleading," outlines what a federal complaint must contain to state a claim for relief. To survive a motion to dismiss, the pleading must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).
>
> Interpreting this requirement, the Supreme Court has explained that a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. To be sure, although a plaintiff "need not plead detailed factual allegations to survive a motion to dismiss, she still must provide more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action for her complaint to be considered adequate." *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016) (internal quotation

> marks omitted) (quoting Iqbal, 556 U.S. at 678, 129 S. Ct. 1937). In the employment discrimination context, we have said these requirements mean a plaintiff must advance plausible allegations that she experienced discrimination because of her protected characteristics. *See Graham v. Bd. of Educ.*, 8 F.4th 625, 627 (7th Cir. 2021).
>
> Recognizing that Kaminski represents herself, and therefore construing her complaint liberally, we cannot conclude that her second amended complaint met these standards. At a high level of generality, all agree Kaminski alleges she lost her job because of her age, race, and national origin. But Rule 8 requires more. Beyond saying Elite Staffing wrongfully discharged her, Kaminski includes no factual allegations directly or indirectly connecting the termination with her national origin, age, or race. It is not enough for the complaint to observe only that federal law prohibits adverse employment actions on those grounds. There must be some facts that make the wrongful discharge contention plausible. *See Doe v. Columbia Coll. Chicago*, 933 F.3d 849, 855 (7th Cir. 2019) (explaining that a plaintiff asserting a discrimination claim "cannot rely on ... generalized allegations alone, however, but must combine them with facts particular to his case to survive a motion to dismiss").

Here, Plaintiff's Complaints and attachments allege generalities. It is not enough for the Complaints to observe that federal law prohibits adverse employment actions on those grounds. There must be some facts that make the wrongful discharge contention plausible. *See Doe v. Columbia Coll. Chicago*, 933 F.3d 849, 855 (7th Cir. 2019) (explaining that a plaintiff asserting a discrimination claim "cannot rely on ... generalized allegations alone, however, but must combine them with facts particular to his case to survive a motion to dismiss").

Examining Plaintiff's use of the Court's form complaint for any recitation of facts, there are none-only conclusory generalizations. In the critical Paragraph 13 of the form complaint, she is asked to state "[t]he facts supporting the plaintiff's claim of discrimination are as follows:" To that she responds: "Wages, witnesses, verbal complaint, email documents, text messages, private medical records, client's reports if necessary (many clients were discriminated against)." Plaintiff attaches a charge filed with the EEOC on 10-11-2018, but it too includes only generalized allegations. The first page of the IDHR Charge filed July 09, 3020 is also attached, but includes no factual basis for her charge in what she attached and excludes the referenced attachment. Both charges claim discrimination based on Race, Disability and Retaliation. Even

11

if the Court is to include the allegations in EEOC Charge No. 440-2018-06364, which was attached to her Complaints, that Charge contains no facts, only conclusory claims. Furthermore, although Plaintiff's Complaints attach the first page of perfected IDHR charge No. 2019CF3205, by then her charge of discrimination was untimely under Title VII, the ADA, and the IDRA.

Even if the Court examines the averments in the perfected charge No. 2019CF3205 (EXHIBIT A-3 to the Certification), in reviewing the IDHR's findings, conclusions and reasoning in its Dismissal for Lack of Substantial Evidence of charge No. 2019CF3205 (EXHIBIT A-4 to the Certification), adopted in total by the EEOC in dismissing the untimely Charge number 21B-2020-01086 (EXHIBIT A-6 to the Certification), Plaintiff fails to meet the legal threshold showing race discrimination, disability discrimination, failure to accommodate, or harassment, as determined by both the IDHR and EEOC in their dismissals for failure to aver facts presenting substantial evidence to support her alleged discrimination and harassment. The IDHR and EEOC both found there was no substantial evidence of harassment under Title VII, the ADA and IDHR. Indeed, the IDHR found the Plaintiff presented no evidence of discrimination, harassment, retaliation of failure to accommodate as shown in its dismissal and below. Plaintiff has failed to meet her pleading burden and her complaints should be dismissed for failure to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955.

Plaintiff's ADA failure to accommodate claim in her Complaints fail to meet her pleading burden. As shown by the IDHR and EEOC's determinations of lack of substantial evidence, Plaintiff fails to assert facts stating a failure to accommodate claim. Plaintiff submitted

12

to the IDHR a belated note dated October 22, 2020 (over two years after her termination from Defendant) stating Plaintiff had a back injury that qualifies as a disability, but it fails to state Plaintiff was "placed on any restrictions related to the conditions." The IDHR and EEOC then found the evidence shows Plaintiff was not placed on any restrictions by a doctor or subjected to conduct that would constitute harassment. (EXHIBIT A- A-4, PP 9 to the Certification). *See Tchankpa v. Ascena Retail Group, Inc*., 951 F. 3d 805, 813-814 (6th Cir. 2020):

> In short, Tchankpa bore two burdens: He needed to (1) show his work-from-home request was reasonable and (2) provide Ascena with medical documentation supporting the accommodation's necessity. He did neither…. .Without medical documentation showing that Tchankpa's disability required work from home, Ascena had no duty to grant Tchankpa's request. After all, we presume on-site attendance is an essential job requirement. *See E.E.O.C. v. Ford Motor Co*., 782 F.3d 753, 761-62 (6th Cir. 2015) (en banc)..…In sum, Tchankpa (1) failed to show that working from home related to his disability; (2) never provided satisfactory documentation to Ascena; and (3) resigned before the parties agreed on Tchankpa's ultimate accommodation. Each shortcoming provides grounds to deny his claim. So we uphold the district court's ruling that Ascena did not fail to accommodate Tchankpa under the ADA.

Incredibly, Plaintiff admits she "had a hard time sleeping, and she had a second job and would get in late some nights." And further admits, "during the three months she was employed, she only came in late around 11:00 a.m. three times because she needed rest…and other times she was late it was no more than 10 minutes." Plaintiff also admits she was allowed on occasion to come into work late and that "sometimes Dueweke allowed her to use her accommodation." See EXHIBIT A-4 PP 4-7, 9 to the Certification.

Plaintiff's ADA harassment claim also fails to overcome the law's high threshold. See *Worth v. Tyer*, 276 F. 3d 249, 267-68 (7th Cir. 2001):

> "…harassment is actionable under Title VII [1] only when it is "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Meritor Sav. Bank v. Vinson*, 477 U.S. 57, 67, 106 S. Ct. 2399, 91

13

L.Ed.2d 49 (1986) (quotation omitted). Whether harassment rises to this level depends on the totality of the circumstances including: "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23, 114 S. Ct. 367, 126 L.Ed.2d 295 (1993). "The work environment cannot be described as `hostile' for purposes of Title VII unless a reasonable person would find it offensive and the plaintiff actually perceived it as such." See Hostetler, 218 F.3d at 807.

The IDHR and EEOC in viewing Plaintiff's claim of ADA harassment found no support for her claim. See EXHIBIT A-4 VII. The ADA and Title VII share the same standard. See Stepney, Supra, p. 6. Her harassment claim also fails to overcome the law's high threshold. See *Worth v. Tyer*, *supra*. The IDHR and EEOC both found not only lack of substantial evidence of harassment because of her Race, Black, but found "[t]here is no evidence that supports Complainant's claim that April 3, 2018, through June 26, 2018, Respondent subjected Complainant to harassment due to her race, black." See EXHIBIT A-4, P14. The IDHR and EEOC in viewing Plaintiff's Title VII failure to promote/transfer claim under Title VII found no support for her claims. See EXHIBIT A-4, PP13, 17-18. The IDHR and EEOC in viewing Plaintiff's Title VII failure to pay overtime found no evidence to show there was a denial of overtime to Plaintiff because of her race, black. See EXHIBIT A-4, P20.

IDHR and EEOC both found The Thresholds stated legitimate and nondiscriminatory reasons for discharging Plaintiff, which was because Complainant displayed inappropriate behavior to a member on her team, failure to cancel an appointment when she was told to do so, and tardiness. See EXHIBIT A-4, P20-23. The IDHR and EEOC in viewing Plaintiff's ADA discharge claim because of her disability because they found no evidence showing Plaintiff was discharged because of her disability. See EXHIBIT A-4, P21-23. The Thresholds reasons for discharge were legitimate, nondiscriminatory, and supported by substantial evidence by the IDHR and EEOC. Certification EX A-4, P21-23.

The IDHR and EEOC in viewing Plaintiff's Title VII discharge claim because of race, black, found no evidence to show Plaintiff was discharged because of her race, black. See EXHIBIT A-4, PP24-26. Thresholds stated legitimate and nondiscriminatory reasons for discharging Plaintiff at the end of her three months probationary period was because Complainant displayed inappropriate behavior to a member on her team, failure to cancel an appointment when she was told to do so, and tardiness. See EXHIBIT A-4, P24-26. The IDHR and EEOC in viewing Plaintiff's race discrimination discharge claim because she is black, found no evidence to show Plaintiff was discharged because of her race, black. See EXHIBIT A-4, P24-26. The reason for discharge given by The Thresholds were legitimate, nondiscriminatory, and found supported by the evidence by the IDHR and EEOC. EXHIBIT A-4, P24-26.

Finally, as with all other of Plaintiff's claims, the IDHR and EEOC found no evidence of retaliation because of any protected activity by Plaintiff. And this is despite the inability of IDHR to make credibility findings. It is simply because Plaintiff failed to present any evidence, not just failing to present substantial evidence. EXHIBIT A-4, P26-27.

3. **Conclusion.** Plaintiff's Complaints should be dismissed with prejudice.

Dated: October 28, 2022               **Defendant The Thresholds**

                                      **By:  //ss// Mark E. Furlane**
                                             **Mark E. Furlane**
                                             **Its Attorney**

**Berger Newmark & Fenchel PC.**
**1753 N. Tripp Avenue**
**Chicago, Illinois 60639**
**(312) 782-5050**
**mfurlane@bnf-law.com**

## CERTIFICATE OF SERVICE

The undersigned attorney for Defendant herein, certifies a copy of the foregoing pleading was served on Plaintiff by US. First Class Mail on October 28, 2022, properly addressed as follows:

Raven Regulus
15276 Stratford Lane
Villa Park, Illinois 60181

//ss// Mark E Furlane