

ILLINOIS DEPARTMENT OF
# Human Rights

JB Pritzker, Governor
James L. Bennett, Director

June 17, 2020

CHIEF EXECUTIVE OFFICER
THRESHOLDS
4101 N. RAVENSWOOD AVE.
CHICAGO, IL 60613

Charge No: 2019CF3205
Complainant: RAVEN REGULUS

Dear Respondent:

The above named Complainant has filed a charge of unlawful discrimination ('charge') alleging that you have violated provisions of the Illinois Human Rights Act. See the Illinois Compiled Statutes, 775 ILCS 5/1-101 et seq.

IDHR has docketed this charge as an unperfected charge pursuant to its Rules and Regulations. Therefore, no reply is requested at this time. You are required to preserve and maintain all records, including paper, electronic, or other formats, pertaining to this charge until IDHR notifies you that processing of this matter has been completed. No investigation will be conducted unless the charge is perfected (signed and notarized).

Please provide IDHR in writing with the following information for your contact person:

Name, Title, Firm/Company Name, Address, Suite No., City, State, ZIP Code, Telephone Number, Fax Number, and Email Address.

The contact person would be your legal representative in responding to the above charge. By providing this information, any and all notices of charges against your company will be served upon the contact person listed above.

Sincerely,

Intake Division

EXHIBIT A-2, P1

IN-7/IDHR
Rev. 4/19

100 West Randolph Street, Suite 10-100, Chicago, IL 60601, (312) 814-6200, TTY (866) 740-3953, Housing Line (800) 662-3942
535 West Jefferson Street, 1st Floor, Springfield, IL 62702, (217) 785-5100
2309 West Main Street, Marion, IL 62959 (618) 993-7463
www.illinois.gov/dhr

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.<br># 19M0705.03 | AGENCY<br>☒ IDHR<br>☐ EEOC | CHARGE NUMBER<br>2019CF3205 |
|---|---|---|

## Illinois Department of Human Rights and EEOC

| NAME OF COMPLAINANT (indicate Mr. Ms. Mrs.)<br>Raven Regulus | TELEPHONE NUMBER (include area code)<br>(630) 915-2535 | |
|---|---|---|
| STREET ADDRESS<br>1s276 Stratford Lane | CITY, STATE AND ZIP CODE<br>Villa Park, IL 60181 | DATE OF BIRTH<br>MM / DD / YYYY |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME OF RESPONDENT<br>The Thresholds | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE NUMBER (include area<br>(773) 572-5461 | |
|---|---|---|---|
| STREET ADDRESS<br>4101 N. Ravenswood Ave. | CITY, STATE AND ZIP CODE<br>Chicago, IL 60613 | | COUNTY<br>Cook |
| CAUSE OF DISCRIMINATION BASED ON:<br>Race   Disability   Retaliation | | DATE OF DISCRIMINATION<br>EARLIEST (ADEA/EPA)  LATEST (ALL)<br>April 3, 2018 - June 26, 2018<br>☐ CONTINUING ACTION | |

THE PARTICULARS OF THE CHARGE ARE AS FOLLOWS:


**S E E   A T T A C H E D**


EXHIBIT A-2, P2

**Page 1 of 6**        MTS

| I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | SUBSCRIBED AND SWORN TO BEFORE ME<br><br>THIS _____ DAY OF _____, _____<br><br>X_____<br>NOTARY SIGNATURE |
|---|---|
| NOTARY STAMP | X_____<br>SIGNATURE OF COMPLAINANT     DATE<br><br>I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief |

EEO-5 FORM (Rev. 7/12-INT)

I.    A.    ISSUES/BASIS

        FAILURE TO ACCOMMODATE – APRIL 3, 2018 THROUGH JUNE 26, 2018, DUE TO MY PHYSICAL DISABILITY, NECK AND BACK DISORDER.

   B.    PRIMA FACIE ALLEGATIONS

1. I am an individual with a disability within the meaning of Section 1-103 (I) of the Human Rights Act.

2. On March 26, 2018, I informed Respondent during my interview that I required an accommodation. Respondent granted my accommodation for flexible schedule time.

3. My supervisor, Heidi Dueweke (non-disabled) Licensed Clinical Professional Counselor, ignored my accommodation and penalized me when I attempted to utilize my accommodation.

4. Respondent failed to provide a reasonable accommodation that would have permitted me the ability to perform the essential functions of my job.

II.    A.    ISSUES/BASIS

        HARASSMENT – APRIL 3, 2018, THROUGH JUNE 26, 2018, DUE TO MY PHYSICAL DISABILITY, NECK AND BACK DISORDER.

   B.    PRIMA FACIE ALLEGATIONS

1. I am an individual with a disability within the meaning of Section 1-103 (I) of the Human Rights Act.

2. On March 26, 2018, I informed Respondent of my disability.

3. From April 3, 2018, through June 26, 2018, I was harassed by my supervisor, Heidi Dueweke (non-disabled) Licensed Clinical Professional Counselor, in that:
   a. Duewick said "we're not here to pay workman's comp";
   b. Duewick refused to provide me with the information I needed to complete my health insurance paperwork;
   c. Duewick did not approve timesheets that utilized my flexible time accommodation;
   d. Duewick required me to work late without compensation;
   e. Duewick changed my time sheet without my authorization;
   f. Duewick required me to work through my breaks;

      g. Duewick said "You can't be the smoking rep because you smoke"; and

      h. Duewick disregarded my disability when she scheduled me to deliver an air conditioner unit to a client.

4. The conduct created a hostile, intimidating and offensive work environment that substantially interfered with my ability to perform my job duties.

III.    A.    ISSUES/BASIS

HARASSMENT – APRIL 3, 2018, THROUGH JUNE 26, 2018, DUE TO MY RACE, BLACK.

     B.    PRIMA FACIE ALLEGATIONS

1. My race is black.

2. My performance as Community Support Specialist met Respondent's legitimate expectations.

3. From April 3, 2018 through June 26, 2018, I was harassed by my supervisor, Heidi Dueweke (non-black) Licensed Clinical Professional Counselor, and Paige Iverson (non-black) Assistant Team Leader, in that:
    a. Dueweke often assigned me tasks that could not be completed;
    b. Dueweke provided me contradictory instructions regarding communicating with her by text message;
    c. Dueweke falsely claimed that I was not complying with her instructions;
    d. Dueweke often changed my scheduled tasks, making it difficult to complete my assignments;
    e. Dueweke often ordered me to cancel client visits after the visits had already began;
    f. Dueweke often failed to complete crisis plans for my clients;
    g. Dueweke often ordered me to violate policy by leaving clients unattended at dental appointments; and
    h. Dueweke and Iverson prevented me and other black employees from discussing clients during the morning team meetings.

4. The conduct created a hostile, intimidating and offensive work environment that substantially interfered with my ability to perform my job duties.

IV.   A.     ISSUES/BASIS

        **FAILURE TO PROMOTE – APRIL 3, 2018, DUE TO MY RACE, BLACK.**

    B.     PRIMA FACIE ALLEGATIONS

        1.     My race is black.

        2.     I am well qualified for Respondent's position of Qualified Mental Health Provider (QMHP).

        3.     On April 3, 2018, Leah Hatmaker (non-black) Director, failed to promote me to the position of Qualified Mental Health Provider. Hatmaker's reason for not promoting me was that she wanted me to accumulate 1500 hours of experience.

        4.     Respondent promoted non-black employees to the position of Qualified Mental Health Provider. Respondent has placed unqualified individuals such Paige Iverson (non-black) Assistant Team Leader, in supervisory roles despite me possessing greater qualification than Iverson. Respondent has also failed to promote other black applicants such as Emma Eaton (black) Community Support Specialist.

V.   A.     ISSUES/BASIS

        **FAILURE TO TRANSFER – JUNE 12, 2018, DUE TO MY RACE, BLACK.**

    B.     PRIMA FACIE ALLEGATIONS

        1.     My race is black.

        2.     My performance as Community Support Specialist met Respondent's legitimate expectations.

        3.     On June 12, 2018, I requested that Respondent transfer me to a Community Support Specialist opening closer to my home. My supervisor, Heidi Dueweke (non- black) Licensed Clinical Professional Counselor, denied my transfer request.

        4.     Respondent transferred similarly situated non-black employees under similar circumstances.

VI.  A.  **ISSUES/BASIS**

**DENIED OVERTIME – JUNE 23, 2018, DUE TO MY RACE, BLACK.**

B.  **PRIMA FACIE ALLEGATIONS**

1. My race is black.

2. My performance as Community Support Specialist met Respondent's legitimate expectations.

3. From June 10, 2018, through June 23, 2018, I worked 17 hours of overtime due to working during a heat crisis over a weekend, but Respondent only paid me for 7.58 hours of overtime.

4. Respondent paid overtime to similarly situated non-black employees under similar circumstances.

VII.  A.  **ISSUES/BASIS**

**DISCHARGE – JUNE 26, 2018, DUE TO MY PHYSICAL DISABILITY, NECK AND BACK DISORDER.**

B.  **PRIMA FACIE ALLEGATIONS**

1. I am an individual with a disability within the meaning of Section 1-103(I) of the Human Rights Act.

2. On March 26, 2018, I informed Respondent of my disability.

3. On June 26, 2018, my supervisor, Heidi Dueweke (non-disabled) Licensed Clinical Professional Counselor, discharged me. Dueweke's reason for discharging me was that I was late, that I called an employee incompetent, that I went in a visit that she told me not to go on and tardiness.

4. My disability is unrelated to my ability to perform the essential functions of my job duties, with or without reasonable accommodation.

VIII. A. ISSUES/BASIS

DISCHARGE – JUNE 26, 2018, DUE TO MY RACE, BLACK.

B. PRIMA FACIE ALLEGATIONS

1. My race is black.

2. My performance as Community Support Specialist met Respondent's legitimate expectations.

3. On June 26, 2018, my supervisor, Heidi Dueweke (non- black) Licensed Clinical Professional Counselor, discharged me. Dueweke's reason for discharging me was that I was late, that I called an employee incompetent, that I went in a visit that she told me not to go on and tardiness.

4. Respondent did not discharge similarly situated non-black employees under similar circumstances.

IX. A. ISSUES/BASIS

DISCHARGE – JUNE 26, 2018, IN RETALIATION FOR OPPOSING RACIAL DISCRIMINATION.

B. PRIMA FACIE ALLEGATIONS

1. On about June 12, 2018, I reported to Joe Rochford (non-black) Mental Health Counselor, and Leah Hatmaker (non-black) Director, that my supervisor, Heidi Dueweke (non-black) Licensed Clinical Professional Counselor, discriminated against me due to my race, black. I also reported to Rochford that Dueweke and Paige Iverson (non-black) Assistant Team Leader, treated non-white clients less favorably than white clients.

2. On June 26, 2018, Dueweke discharged me. Dueweke's reason for discharging me was that I was late, that I called an employee incompetent, that I went in a visit that she told me not to go on and tardiness.

3. Respondent's adverse action followed my participation in a protected activity within such a time frame as to raise an inference or retaliatory motivation.

EXHIBIT A-2, P7

EEOC FORM 131-A (5/01)  U.S. Equal Employment Opportunity Commission

| | |
|---|---|
| RAVEN REGULUS<br>Versus<br>THRESHOLDS | PERSON FILING CHARGE<br>RAVEN REGULUS<br><br>THIS PERSON (check one or both)<br>[X] Claims To Be Aggrieved<br>[ ] Is Filing on Behalf of Other(s)<br><br>EEOC CHARGE NO.: 21BA01086<br>FEPA CHARGE NO.: 2019CF3205 |

**NOTICE OF CHARGE DISCRIMINATION** IN JURISDICTION WHERE A FEP AGENCY WILL INITIALLY PROCESS
*(See the enclosed for additional information)*

THIS IS A NOTICE THAT A CHARGE OF EMPLOYMENT DISCRIMINATION UNDER

[X] Title VII of the Civil Rights Act        [X] The Americans with Disabilities Act

[ ] The Age Discrimination in Employment Act    [ ] The Equal Pay Act

HAS BEEN RECEIVED BY

[ ] The EEOC and sent for initial processing to _____
                                                    *(FEP AGENCY)*

[X] The    Illinois Department of Human Rights    and sent to EEOC for filing purposes.
              *(FEP Agency)*

While EEOC has jurisdiction (upon expiration of any deferral requirement if this is a Title VII or ADA charge) to investigate this charge, EEOC may suspend its investigation and await the issuance of the Agency's final findings and orders. These findings and orders will be given weight by EEOC in making its own determination as to whether reasonable cause exists to believe that discrimination has occurred.

You are therefore encouraged to cooperate fully with the Agency. All facts and evidence provided by you to the Agency will be considered by EEOC when it reviews the Agency's final findings and orders. In many cases EEOC will take no further action, thereby avoiding the necessity of an investigation by both the Agency and EEOC. This likelihood is increased by your active cooperation with the agency.

As a party to the charge, you may request that EEOC review the final findings and orders of the above-named agency. For such a request to be honored, you must notify EEOC in writing within 15 days of your receipt of the Agency's final decision and order. If the Agency terminates its proceedings without issuing a final finding and order, you will be contacted further by EEOC. Regardless of whether the Agency or EEOC processes the charge, the Recordkeeping and Non-Retaliation provisions of the statutes as explained in the enclosed information sheet apply.

For further correspondence on this matter, please use the charge number(s) shown above.

Enclosure(s): Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION
[X] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN  [ ] AGE  [X] DISABILITY  [X] RETALIATION  [ ] OTHER

**See enclosed copy of charge of discrimination**                    EXHIBIT A-2, P8

| Date | Name/Title of Authorized Official | Signature |
|---|---|---|
| June 17, 2020 | Julianne Bowman,<br>District Director | *Julianne Bowman* |

*Enclosure with EEOC*

*Form 131 (5/01)*

## INFORMATION ON CHARGES OF DISCRIMINATION

### EEOC RULES AND REGULATIONS

Section 1601.15 of EEOC's regulations provides that persons or organizations charges with employment discrimination may submit a statement of position or evidence regarding the issues covered by this charge.

EEOC's recordkeeping and reporting requirements are found at Title 29, Code of Federal Regulations (29 CFR): 29 CFR Part 1602 (see particularly Sec. 1602.14 below) for Title VII and the ADA; 29 CFR Part 1620 for the EPA; and 29 CFR Part 1627, for the ADEA. These regulations generally require respondents to preserve payroll and personnel records relevant to a charge of discrimination until disposition of the charge or litigation relating to the charge. (For ADEA charges, this notices is the written requirement described in Part 1627, Sec. 1627.3(b)(3), .4(a)(2) or .5(c), for respondents to preserve records relevant to the charge – the records to be retained, and for how long, are as described in Sec. 1602.14, as set out below). Parts 1602, 1620 and 1627 also prescribe record retention periods – generally, three years for basic payroll records and one year for personnel records. Questions about retention periods and the types of records to be retained should be resolved by referring to the regulations.

Sections 1602.14 Preservation of records made or kept. ….Where a charge…has been filed, or an action brought by the Commission or the Attorney General, against an employer under Title VII or the ADA, the respondent…shall preserve all personnel records relevant to the charge or the action until final disposition of the charge or action. The term *personnel records relevant to the charge*, for example, would include personnel or employment records relating to the aggrieved person and to all other aggrieved employees holding positions similar to that held or sought by the aggrieved person and application forms or test papers completed by an unsuccessful applicant and by all other candidates or the same position as that for which the aggrieved person applied and was rejected. The date of *final disposition of the charge or the action* means the date of expiration of the statutory period within which the aggrieved person may bring [a lawsuit] or, where an action is brought against the employer either by the aggrieved person, the Commission, or the Attorney General, the date on which such litigation is terminated.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Section 704(a) of Title VII, Section 4(d) of the ADEA, and Section 503(a) of the ADA provide that it is an unlawful employment practice for an employer to discriminate against present or former employees or job applicants, for an employment agency to discriminate against any individual, or for a union to discriminate against its members or applicants for membership, because they have opposed any practice made an unlawful employment practice by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the statutes. The Equal Pay Act contains similar provisions. Additionally, Section 503(b) of the ADA prohibits coercion, intimidation, threats, or interference with anyone because they have exercised or enjoyed, or aided or encouraged others in their exercise or enjoyment, or rights under the Act.

Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made. Please note that the Civil Rights Act of 1991 provides substantial additional monetary provisions to remedy instances of retaliation or other discrimination, including, for example, to remedy the emotional harm caused by on-the-job harassment.

### NOTICE REGARDING REPRESENTATION BY ATTORNEYS

Although you do not have to be represented by an attorney while we handle this charge, you have a right, and may wish to retain an attorney to represent you. If you do retain an attorney, please give us your attorney's name, address and phone number, and ask your attorney to write us confirming such representation.

EXHIBIT A-2, P9



ILLINOIS DEPARTMENT OF Human Rights

JB Pritzker, Governor
James L. Bennett, Director

# CREDIBILITY NOTICE

### The Cooper v. Salazar injunction

The Illinois Department of Human Rights (IDHR) is under a federal-court injunction that, among other things, orders the IDHR:

> 'To cease permanently from relying on credibility determinations made without affording the rights of confrontation and cross-examination'.

See, Cooper v. Salazar, #98 C 2930, U.S. District Court for the Northern District of Illinois, order dated November 1, 2001, at p. 26, ¶1.

### Meaning of the Cooper Injunction

The IDHR cannot assess the credibility of Complainant's testimony, the testimony of Complainant's witnesses or the testimony of Respondent's representatives or the witnesses of Respondent where there is conflicting testimony. In other words, if the determination of substantial evidence turns on issues of credibility, the IDHR should make a finding of substantial evidence so that a trier of fact may resolve those issues of credibility. This means that if a determination of lack of substantial evidence requires the IDHR to make a finding of fact as to conflicting evidence, the IDHR will make a finding of substantial evidence so that credibility may be resolved by the Human Rights Commission at a Public Hearing.

The Illinois Human Rights Act defines 'substantial evidence' as:

> 'Evidence which a reasonable mind accepts as sufficient to support a particular conclusion and which consists of more than a mere scintilla but may be somewhat less than a preponderance'. Illinois Human Rights Act §7A-102(D)(2), codified at 775 ILCS 5/7A-102(D)(2).

### The Meaning of Credibility

The Illinois Department of Human Rights is an investigatory agency. The IDHR's purpose is to gather all of the evidence from each of the parties as to whether Respondent may or may not have discriminated against the Complainant within the meaning of the Illinois Human Rights Act. The IDHR's purpose is to review all of the evidence and make a determination based upon the law as to whether there is sufficient evidence of discrimination to file a complaint against the Respondent with the Illinois Human Rights Commission. The IDHR will not make a finding that evidence submitted by a party is either believable or not believable. Thus, the IDHR will not base its findings on the fact that one of the parties is not telling the truth or that one party's evidence is not believable. If the resolution of the charge of discrimination requires believing the evidence of one party over another party, the IDHR will make a finding of Substantial Evidence and refer the matter to the Illinois Human Rights Commission so that a trier of fact may resolve the case.

### Conflicting evidence exists when there are:

1) Statements of a person with material firsthand knowledge contradicted by statements of a different person with material firsthand knowledge.
2) Business records contradicted by oral statements of a person with material firsthand knowledge.
3) Business records of one person contradicted by business records of another person.

By the authority of the State of Illinois (2212013ENGChargeProcessing)

EXHIBIT A-2, P10